E-FILED
Friday, 21 April, 2006  11:46:31 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| James Walters, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-1255 |
| | ) | |
| DHL Express,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on Defendant's Motion to Dismiss (d/e 4) pursuant to Fed. R. Civ. P. 12(b)(6).[2] For the reasons below, the Court recommends the motion be granted in part and denied in part.

## STANDARD OF REVIEW

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court takes the allegations in the complaint as true, viewing all facts, as well as any inferences reasonably drawn therefrom, in the light most

---

[1]DHL Express (USA), Inc. (d/e 4, p.1).

[2]Plaintiff's counsel must be more attentive to deadlines and meeting same hereinafter.

favorable to the plaintiff.  Patel v. City of Chicago, 383 F.3d 569, 572

(7th Cir. 2004).  "'A court may dismiss a complaint only if it is clear that no

relief could be granted under any set of facts that could be proved

consistent with the allegations.'" Swierkiewicz v. Sorema N.A., 534 U.S.

506, 514  (2002), *quoting* Hishon v. King & Spalding, 467 U.S. 69, 73

(1984).

## BACKGROUND

The allegations from the Complaint are set forth as true for purposes

of this order only.[3]

Defendant contracted orally with Plaintiff to move five boxes of

Plaintiff's property from South Carolina to Pekin, Illinois, "in exchange for

the usual rate of payment, determined by weight."  (Complaint, ¶2).  When

Defendant's driver arrived to pick up the boxes, Plaintiff at first refused

because the driver would not permit Plaintiff to sufficiently insure the boxes.

Plaintiff then spoke to another of agent of Defendant and "arranged to have

the boxes properly insured for $2,000.00 each."  Id. at ¶ 4.  Plaintiff's

mother authorized the shipping and insurance charges to be

---

[3]The Complaint is docketed with the Notice of Removal at #3, attachment 1.

placed on her credit card.  Defendant then picked up the boxes for delivery.

Defendant did not provide Plaintiff with a written contract.

The five boxes "arrived in Pekin, Illinois, in battered condition, with

papers and files blowing down the street." (Complaint, ¶ 6).  Many items

were missing.  The Complaint values the cost of the replaceable items at

$7,821.50, and the cost of repair to damaged property at $2,000.00.  Id. at

¶¶ 7, 9.   Also missing was a copy of Plaintiff's birth certificate, his GED

certificate, ten years of his tax returns, and some rare and irreplaceable

CDs.  Id., ¶¶ 6-7.  Plaintiff filed a claim with Defendant, but Defendant did

not respond to the claim or to repeated attempts at communication by

Plaintiff's attorney.  Defendant has, depending on which agent is speaking,

either denied the boxes were insured at all, or maintained that the boxes

were insufficiently insured.

On June 21, 2005, Plaintiff filed his Complaint in the Circuit Court of

Tazewell County.  Defendant was served on August 1, 2005, and filed its

Notice of Removal on September 1, 2005 (d/e 3).  Defendant then filed a

motion to strike and dismiss the Complaint under Fed. R. Civ. P. 12(b)(6).

**ANALYSIS**

**I.  The Carmack Amendment**

Count One claims a violation of the Carmack Amendment, 49 U.S.C. § 14706 *et seq*, and seeks damages for the value of the goods lost, stolen or damaged, and for attorneys fees. (Complaint, ¶¶ 13-16).

Defendant argues that the Carmack Amendment applies only to rail carriers, citing 49 U.S.C. § 11706, which discusses the liability of rail carriers.

Defendant's argument is, at best, mistaken.  The "Carmack Amendment" refers collectively to federal statutory provisions governing a motor carrier's liability for interstate shipment, provisions which "have at one time or another since 1906 resided in different sections of Title 49 of the United States Code."  North American Van Lines, Inc. v. Pinkerton Security Systems, Inc., 89 F.3d 452, 454 (7th Cir. 1996).  A glance at the Table of Contents of Title 49 shows that rail carriers are only a subset of the carriers covered.  Motor carriers are covered under a different part, Part B– titled "Motor Carriers, Water Carriers, Brokers, and Freight Forwarders." Section 14706(a)(1) expressly states that "motor carriers are liable. . . for the actual loss or injury to the property caused by" the carrier. . . Failure to

issue a receipt or bill of lading does not affect the liability of a carrier."  49

U.S.C. §14706(a)(1).  A skim of the annotations following that section gives

many examples of cases against companies delivering property between

states via motor vehicle, as does a cursory computer search on Westlaw

with the term "Carmack Amendment."

49 U.S.C. § 14706(a)(1).

 Thus, the Carmack Amendment is not limited to rail carriers, and

Defendant gives no other explanation why the Carmack Amendment would

not apply here.  Further, the Complaint clearly states a Carmack

Amendment claim under federal notice pleading standards, assuming the

$10,000 jurisdictional amount is satisfied (*see below*).  Pizzo v. Bekin Van

Lines Co., 258 F.3d 629, 634 (7th Cir. 2001)(no special pleading rules for

Carmack claims).

## II. Damages for risk of future injury from identity theft

 Plaintiff's Count Two is titled "Increased Risk of Future Injury" and

contends that "Defendant is liable for damages for increased risk of future

injury in the form of identity theft. . . . Defendant acted negligently, or with

willful and wanton disregard, or with intent in stealing, converting, or losing

Plaintiff's personal papers, including tax records, his birth certificate and his

GED, more than enough information to make Plaintiff an easy target for identity theft. . . ."  (Complaint, ¶¶ 18-19).

Defendant maintains that Count II must be dismissed because Illinois does not recognize an independent tort of identity theft.  Plaintiff does not dispute this, but counters that he is not attempting to state a cause of action for "some independent tort of identity theft."  (d/e 8, p. 5).  Rather, Plaintiff says he is putting Defendant on notice that he is claiming this increased risk of identity theft as part of his damages for Defendant's loss or misappropriation of his papers.  Id.  Plaintiff asserts that recovery for the loss of personal papers and associated risk of identity theft is damage compensable under Illinois law.  (d/e 8, p. 5)(*citing* Dillon v. Evanston Hosp., 771 N.E.2d 357 (Ill. 2002)(holding that plaintiff in medical malpractice case could recover for plaintiff's increased risk of future injuries caused by malpractice).

Plaintiff's claim for damages in Count II is not attached to any particular cause of action, nor does Plaintiff argue that he is trying to assert a cause of action in Count II.  He eschews any attempt at a cause of action for identity theft, though those are the only damages he seeks.  If Plaintiff is trying to make out some sort of state tort in Count II, he must contend with

the Carmack Amendment's preemption of  "all state law claims based upon the contract of carriage, in which the harm arises out of the loss of or damage to goods." Gordon v. United Van Lines, Inc., 130 F.3d 282, 284 (7th Cir. 1997)(state claims of breach of contract, common law and statutory fraud, and willful and wanton conduct preempted by Carmack Amendment, but not claim of intentional infliction of emotional distress);  North Am. Van lines, Inc. v. Pinkerton Sec. Sys., Inc., 89 F.3d 452, 456 (7th Cir. 1996)(Carmack "preempts all state or common law remedies available to a shipper against a carrier for loss or damage to interstate shipments"); Hughes v. United Van Lines, 829 F.2d 1407, 1412 n. 5 (7th Cir. 1987) (affirming dismissal of state claims for negligence, breach of contract, conversion, intentional and negligent misrepresentation, and negligent infliction of emotional distress as preempted by Carmack Amendment); *see also* Glass v. Crimmins Transfer Co., 299 F.Supp.2d 878, 888 (C.D. Ill., 2004)(emotional distress and personal injury claims arising from mishandling of property preempted by Carmack); Schwarz v. Nat'l Van Lines, Inc., 2004 WL 1166632 (N.D. Il. 2004)(not reported in F.Supp.2d)(conversion claim preempted, but not claim for emotional distress).

There is an exception to Carmack's preemption for claims that are "separate and distinct" from the damage or loss of goods and independently actionable, but no such claim is apparent in the Complaint. Plaintiff does not argue in his response that he is trying to assert such a claim, nor does he ask for leave to file an amended complaint to do so. *See* Gordon, 130 F.3d 282 (7th Cir. 1997)(allowing claim for intentional infliction of emotional distress that was based on conduct other than damage or loss of goods--"Carmack Amendment does not preempt those state law claims that allege liability on a ground that is separate and distinct from the loss of, or the damage to, the goods that were shipped in interstate commerce); North American Van Lines, 89 F.3d at 458 (acknowledging tort remedies may be available for "separate and independently actionable harm . . . distinct from the loss of, or damage to, the goods."); *see also* Glass v. Crimmins Transfer Co., 299 F.Supp.2d 878, 888 (C.D. Ill. 2004)(Carmack Amendment preempted state claims for emotional distress and personal injury where claims based on loss or damage to property).  The Court therefore expressly does not address the

viability of any state causes of action against Defendant–none are before the Court.[4]

The only cause of action presently before the Court is based on the Carmack Amendment.  The Court's only inquiry, then, is whether the *Carmack Amendment* encompasses Plaintiff's damages for increased exposure to identity theft.  Neither party addresses this question, but the Court believes the answer is clear from federal precedent interpreting the Carmack Amendment.

Before the Carmack Amendment, shippers were "bedeviled" by "'such a diversity of legislative and judicial holding that it was practically impossible for [an interstate shipper] . . to know, . . . what would be the carrier's actual responsibility. . . ."  North American Van Lines, Inc. v. Pinkerton Security Systems, Inc., 89 F.3d 452, 456 (7th Cir. 1996)(*quoting* Adams Express Co., 226 U.S. 491, 505 (1913)).  The Carmack Amendment "manifested Congress's intent 'to take possession of the subject' and to prescribe uniform rules governing liability of carriers to shippers regarding interstate shipments."  Id., *quoting* Adams, 226 U.S. at

---

[4]Plaintiff's Count II characterizes Defendant's conduct as negligent, willful and wanton, stealing, and converting, but he seeks damages only for his increased risk of identity theft.  Given the Carmack Amendment's preemptive effect on state remedies, the Court does not believe it appropriate to read state causes of action into Count II that Plaintiff does not appear to be making.

152; *see also* <u>Hughes v. United Van Lines, Inc.</u>, 829 F.2d 1407, 1415 (7th

Cir. 1987)(Carmack Amendment's purpose was to "establish uniform

federal guidelines designed in part to remove the uncertainty surrounding a

carrier's liability . . .").

Although 49 U.S.C. §14706(a)(1) states that the carrier's liability is for

the "actual loss or injury to the property," the Supreme Court has

interpreted this language as "'comprehensive enough to embrace all

damages resulting from any failure to discharge a carrier's duty with

respect to any part of the transportation to the agreed destination.'"

<u>Southeastern Express Co. v. Pastime Amusement Co.</u>, 299 U.S. 28, 29

(1936)(quoted cite omitted).  "Recoverable damages include damages for

delay, . . . lost profits (unless they are speculative), . . . and all reasonably

foreseeable consequential damages."  <u>American Nat'l Fire Ins. Co. ex rel.</u>

<u>Tabacalera Contreras Cigar Co. v. Yellow Freight Systems, Inc.</u>, 325 F.3d

924, 931 (7th Cir. 2003)(citations omitted).

In its own research, the Court found no case directly dealing with a

claim for damages under the Carmack Amendment for an increased risk of

theft or injury.  However, the Seventh Circuit decision <u>Gordon</u>, 130 F.3d

282 (7th Cir. 1997), is analogous. In <u>Gordon</u>, a shipper lost her most

treasured possessions when a United Van Lines driver delegated delivery to a day laborer, who threw them away; her possessions were incinerated, a complete loss.  130 F.3d at 285.  The shipper sued under the Carmack Amendment and also made state claims for fraud, breach of contract, intentional infliction of emotional distress, and willful and wanton conduct. Id.  The Seventh Circuit upheld dismissal of all the state claims, save the claim of intentional infliction of emotional distress.  The Court further held that punitive damages and damages for emotional distress were not recoverable under the Carmack Amendment, reasoning that to allow such damages would frustrate the Amendment's goal of uniformity and "exceed the proper role of the court for us to read in additional or different remedies" to those provided by Congress.  130 F.3d 282.[5]  *See also* Glass v. Crimmins Transfer Co., 299 F.Supp.2d 878, 888 (C.D. Ill. 2004)(no recovery for personal injuries in form of special damages under Carmack Amendment).

Gordon's reasoning applies with equal force to damages for an increased risk of identity theft.  Allowing recovery for an increased risk of future theft would destroy the Carmack Amendment's goal of "creat[ing] a

---

[5]The Gordon Court also affirmed dismissal of all the state claims, except for the claim of intentional infliction of emotional distress.  130 F.3d at 289-90.

measure of predictability for interstate carriers in the exposure to damages they face." Gordon, 130 F.3d at 287.  The amount of damages awarded would be highly unpredictably and speculative, "allow[ing] precisely the uncertainty the Carmack Amendment was designed to bar."  Gordon, 130 F.3d at 287.  Such damages would be based upon speculation as to:  1) the likelihood that Plaintiff would suffer identity theft in the future; 2) the assumption that, if such theft did occur, it would be caused by Defendant's actions, rather than anyone else's; and, 3) the amount of damages that would be caused by that imagined future identity theft.

The Court notes that special damages–those that are not reasonably foreseeable as an ordinary consequence of a breach of contract when the contract is formed– might be recoverable under the Carmack Amendment if the shipper gives notice of the circumstances leading to special damages at the time the contract is made.  *See*  Mach Mold, Inc., 383 F.Supp.2d 1015, 1033; 29 U.S.C. § 14706(a)(1).  This notice affords the carrier a chance, at the time of making the contract, to accurately assess the risk and adapt accordingly–in effect, to contract for the risk.  However, cases discussing special damages under the Carmack Amendment involve *actual* loss or injury, not the risk of loss.  *See, e.g.,* Mach Mold, 383 F.Supp.2d at

1082; <u>Glass</u>, 299 F.Supp.2d at 888.  In any event, Plaintiff's allegations do not permit a reasonable inference that Defendant had notice of undertaking any special risks–Plaintiff admits the contract was for the carrier's usual rates, and that Defendant eventually agreed to properly insure the boxes for $2,000 each.

The Court therefore recommends dismissal of Plaintiff's claim for damages for his increased risk of identity theft in Count II, because those damages are not available under the Carmack Amendment.[6]  The Court expressly declines to opine whether such damages might be available under Illinois law based on a cause of action other than the Carmack Amendment, because that controversy is not before the Court.

## III.  Jurisdiction

> A civil action in any State court against a carrier .. . to recover damages for delay, loss, or injury of shipments, arising under section 11706 or 14706 of title 49, may not be removed to any district court of the United States unless the matter in controversy exceeds $10,000, exclusive of interest and costs.

28 U.S.C. § 1445(b); *see also* 28 U.S.C. § 1337(a)(jurisdiction only "if the matter in controversy for each receipt or bill of lading exceeds $10,000,

---

[6]It may be that Plaintiff is not even attempting to assert such damages under the Carmack Act, as the damages are listed in a separate Count II.  As discussed above, the only cause of action before the Court is the Carmack claim, so that is the claim that is addressed.

Page 13 of  15

exclusive of interest and costs").  Defendant did not clearly address

whether the jurisdictional amount was satisfied in its Notice of Removal

(d/e 3).   The stated amount claimed under the Carmack Amendment totals

$9,821.50, if the Court's recommendation concerning the dismissal of the

damages in Count II is adopted.  However, the Court believes that the

jurisdictional  amount has been met for removal purposes because the

boxes were insured for $10,000; freight, taxes, fees and insurance may

also be recoverable on the property lost or damaged.  *See* American

National Fire Ins. Co. V. Yellow Freight Systems, Inc., 325 F.3d 924, 935

(7th Cir. 2003)(freight, taxes, fees and insurance may be recoverable).

WHEREFORE, the Court accordingly RECOMMENDS that

Defendant's Motion to Dismiss be granted in part and denied in part

(d/e 4).  The Court recommends the motion be denied as to Count I in the

Complaint, but be granted to the extent it seeks dismissal of Plaintiff's claim

for damages for an increased risk of future identity theft in Count II.

Any objections to this Report and Recommendation must be filed in

writing with the Clerk of the Court within ten working days after service of a

copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1).

Failure to timely object will constitute a waiver of objections on appeal.

<u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).

See also Local Rule 72.2.

      ENTER:   April 21, 2006

                      s/ Byron G. Cudmore

               _____

                  BYRON G. CUDMORE
               UNITED STATES MAGISTRATE JUDGE